UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C.,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY, et al.,<br><br>  Defendants. | Case No. 24-cv-08578-KAW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 9, 11 |

Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for further proceedings. Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment, and DENIES Defendant's cross-motion for summary judgment.

## I. BACKGROUND

Plaintiff filed for Title II benefits on June 30, 2022. (Administrative Record ("AR") 17.) The Social Security Administration ("SSA") denied Plaintiff's application initially and on reconsideration. (AR 137, 145.) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"); the hearing was held on April 5, 2024. (AR 37, 151.)

Following the hearing, the ALJ denied Plaintiff's application on June 10, 2024. (AR 14-30.) A request for review of the ALJ's decision was filed on June 20, 2024. (AR 238-39.) The Appeals Council denied Plaintiff's request for review on September 26, 2024. (AR 1.)

On November 27, 2024, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) Plaintiff filed the motion for summary judgment on May

2, 2025. (Pl.'s Mot., Dkt. No. 9.) Defendant filed an opposition and cross-motion for summary judgment on June 2, 2025. (Def.'s Opp'n, Dkt. No. 11.) Plaintiff did not file a reply.

## II. LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under SSA regulations, disability claims are evaluated according to a five-step sequential evaluation. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). At step one, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity. *Id.* If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721. If the answer is no, the claimant is not disabled. *Id.* If the answer is yes, the Commissioner proceeds to step three and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the fourth step in the sequential evaluation process is to determine the claimant's residual functional capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis, despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can

1    perform such work, he is not disabled. 20 C.F.R. § 404.1520(f).  RFC is the application of a legal

2    standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a).

3    If the claimant meets the burden of establishing an inability to perform prior work, the

4    Commissioner must show, at step five, that the claimant can perform other substantial gainful

5    work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the

6    burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th

7    Cir. 2001). The burden shifts to the Commissioner at step five. *Id.* at 954.

### III.    DISCUSSION

Plaintiff challenges the ALJ's decision on a single ground.  Specifically, Plaintiff asserts that the ALJ's physical RFC is unsupported by substantial evidence because the ALJ failed to fully develop the record.  (Pl.'s Mot. at 11.)

"In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).  This "duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Id.* at 459-60.

The Court finds that the ALJ erred.  This case appears to be rather extraordinary in that there is not a single opinion regarding Plaintiff's physical functions by any medical professional in the record.  Rather, the state agency consultant found at the initial level that there was "very little information upon wh[ich] to base an assessment of his actual level of physical function," such that the state agency consultant was unable to provide an RFC.  (AR 95, 97.)  Likewise, on review, the state agency consultant found there was "insufficient evidence by which to make a determination of functional capacity."  (AR 108.)  The ALJ found that these determinations could not be evaluated "because they do not contain statements regarding what the claimant can still do despite the alleged impairments."  (AR 26.)  The only remaining medical opinions provided concerned Plaintiff's mental functions, which is not at issue in this case.  (*See* AR 26-27.)  In other words, the ALJ did not have the benefit of an RFC opinion as to Plaintiff's physical functions; instead, the ALJ appears to have interpreted the raw medical data into functional terms.

1  Courts in this circuit have found such an approach to constitute reversible error. In
2  *Osborne v. Commissioner of Social Security*, the state agency consultants likewise found there was
3  insufficient evidence to evaluate the plaintiff's claim, and there were no other medical opinions
4  regarding the plaintiff's functional capability. No. 1:22-cv-01538-EPG, 2024 U.S. Dist. LEXIS
5  55261, at *5 (E.D. Cal. Mar. 26, 2024). Thus, the ALJ's RFC determination "was based solely on
6  the ALJ's review of the medical evidence and Plaintiff's subjective complaints." *Id.* at *6. While
7  the district court acknowledged that the ALJ is not required to obtain a medical opinion that
8  supported the ALJ's ultimate RFC, "the district court found that the ALJ had a duty to further
9  develop the record by obtaining an RFC opinion." *Id.* at *7. Otherwise, the ALJ was effectively
10 interpreting raw medical data into functional terms, which was not permitted. *Id.* (citing cases);
11 *see also Clarenda A.S. v. O'Malley*, No. 1:24-cv-00127-DKG, 2024 U.S. Dist. LEXIS 213379, at
12 *8 (D. Idaho Nov. 21, 2024) (finding that the ALJ failed to develop the record where the state
13 agency medical consultants opined there was insufficient evidence to assess severity and did not
14 rely on any medical opinion); *Black v. Bisignano*, No. 1:24-cv-01303-SKO, 2025 U.S. Dist.
15 LEXIS 114439, at *9 (E.D. Cal. June 16, 2025) (same); *Michael W.U. v. Comm'r of Soc. Sec.*, No.
16 3:23-cv-00654-LL-DTF, 2024 U.S. Dist. LEXIS 131016, at *13 (S.D. Cal. July 23, 2024) (finding
17 that the state agency consultants' inability to reach a conclusion based on the evidence presented
18 triggered the ALJ's duty to further develop the record).
19  Such is the case here. While the ALJ summarized the medical evidence, it is unclear how
20 the ALJ was able to conclude what Plaintiff's functional capabilities were -- such as his ability to
21 lift, reach, stand, walk, sit, climb, balance, stoop, kneel, or crawl -- based on this raw medical
22 evidence. Courts have repeatedly found that it is improper for an ALJ to "act[] as his own medical
23 expert." *Miller v. Astrue*, 695 F. Supp. 2d 1042, 1048 (C.D. Cal. 2010); *Padilla v. Astrue*, 541 F.
24 Supp. 2d 1102, 1106 ("as a lay person, an ALJ is simply not qualified to interpret raw medical
25 data in functional terms") (internal quotation omitted); *Walker v. Comm'r of Soc. Sec.*, No. 2:22-
26 cv-01871-EJY, 2024 U.S. Dist. LEXIS 2640, at *17 (D. Nev. Jan. 4, 2024) ("While the ALJ can
27 pick and choose between opinions expressed by the experts, when an ALJ decides severity or
28 [RFC] without the support of any of the medical opinion evidence, this is error" (internal

4

1  quotation omitted). While Defendant argues that the ALJ could consider, for example, the
2  impressions of the releasing radiologist, there is no suggestion that the radiologist's impressions
3  concerned Plaintiff's *functional* capacities. (Def.'s Opp'n at 4.)
4  The Court acknowledges that Plaintiff failed to appear at a consultative examination in
5  December 2022. (*See* Def.'s Opp'n at 3-4, AR 1574.) It is not apparent, however, that this failure
6  abrogated the ALJ's duty to develop the record, whether by ordering another consultative
7  examination, "subpoenaing the claimant's physicians, submitting questions to the claimant's
8  physicians, continuing the hearing, or keeping the record open after the hearing to allow
9  supplementation of the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).
10 Likewise, the Court acknowledges that the ALJ kept the record open after the hearing. (*See* Def.'s
11 Opp'n at 5 n.2.) Regardless, this still leaves the problem that the ALJ lacked any medical opinion
12 regarding Plaintiff's physical RFC, such that the RFC is ultimately unsupported by any medical
13 opinion but is instead based solely on the ALJ's interpretation of raw medical data. *See Michael*
14 *W.U.*, 2024 U.S. Dist. LEXIS 131016, at *14-16 (finding that the ALJ fulfilled their duty to
15 develop the record by keeping the record open after the hearing, but still concluding that the RFC
16 was not supported by substantial evidence because there was no medical opinion regarding the
17 claimant's functional capacity). In short, the ALJ committed error because his RFC was
18 ultimately made without the benefit of *any* medical opinion regarding Plaintiff's physical
19 capability.
20 Accordingly, the Court finds that the ALJ erred and that the RFC is not supported by
21 substantial evidence. In so finding, the Court does not suggest that the ALJ must obtain a medical
22 opinion that exactly matches the RFC found; rather, the ALJ cannot make a physical RFC
23 determination without the benefit of *any* medical opinion regarding Plaintiff's physical capability.
24 The Court also does not find any error as to Plaintiff's mental RFC or the weighing of Plaintiff's
25 testimony, as these aspects of the ALJ's decision were not challenged by Plaintiff.

### IV. CONCLUSION

27 For the reasons set forth above, the Court GRANTS Plaintiff's motion for summary
28 judgment and DENIES Defendant's cross-motion for summary judgment. Because it is not clear

from the record that the ALJ would be required to find Plaintiff disabled if all the evidence was properly evaluated, remand is appropriate. On remand, the ALJ must properly develop the record and evaluate the evidence based on applicable law consistent with this order.

IT IS SO ORDERED.

Dated: October 27, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge